*183 MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
The majority holds that the conduct complained of is not subject to NLRA proscription. In effect, an exception to the pre-emption requirement has been created by labeling the action as one in tort under state law. An opposite result was reached in Campbell v. McLean Trucking Company (E.D.N.Y., 1984), 592 F.Supp. 1560, 1564, where the court stated:
“A mere labeling of the conduct complained of, however, does not satisfy the requirements necessary to avoid pre-emption. The Supreme Court in [Amalgamated Ass’n of Street, Electric Railway and Motor Coach Employees of America v.] Lockridge, 403 U.S. at 292, 91 S.Ct.[1909] at 1920, said that it is the conduct and not the legal description that is important. This substance-form problem was recognized, for example, in Breitegger v. C.B.S., 43 Cal.App.3d 283, 117 Cal.Rptr. 699, 706 (1974), where an unfair labor practice within the Board’s jurisdiction was not cognizable in State court merely by labeling it an intentional tort.”
Section 8 of the NLRA clearly prohibits employment discrimination, and blacklisting is recognized as an unfair labor practice.
“Further, as indicated by [N.L.R.B. v.] Mount Desert Island Hospital [695 F.2d 634 1st Cir.1982] and contrary to plaintiff’s State tort characterization, blacklisting has long been recognized as an unfair labor practice and, thus, prohibited by the Act. See N.L.R.B. v. Waumbec Mills, 114 F.2d 226, 232-33 (1st Cir. 1940); Cone Bros. Contracting Co., 135 N.L.R.B. 108 (1962). In short, at the least, plaintiffs’ claim one is “ ‘arguably subject to . . . the Act’. . . [Citation omitted.] . . . and therefore come[s] within the primary jurisdiction of the . . . Board . . . .” Abrams v. Carrier Corp., 434 F.2d 1234, 1253 (2d Cir. 1970), cert. denied, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971).” (Emphasis in original.)
Campbell, supra, 592 F.Supp. at 1563.
The majority opinion contains the following statement:
“No one in this litigation contends that plaintiffs were blacklisted for labor-related activities.”
In fact, plaintiff’s counsel, in his brief filed July 5, 1984, with the trial court, declared as follows:
“When this case was presented to the Board, plaintiffs had to raise and prove to the Board that defendants’ maintenance, circulation and other use of the blacklist was for the purpose of discriminating against plaintiffs for activities relating to self-organization, collective *184 bargaining, concerted actions or union affiliations. 29 USC Section 158(a)(1) and (3).”
I also note that Local 768, International Brotherhood of Electrical Workers, is a party plaintiff in this action.
I agree with the trial court’s determination that the first issue to be decided is whether blacklisting occurred, and if so, for what reasons. That issue is arguably within the jurisdiction of the NLRB and that Board should be allowed to exercise its remedial authority if blacklisting activity is found. The trial court, in dismissing the cause conditionally without prejudice, clearly would entertain the plaintiffs action in tort if the NLRB found that blacklisting occurred.
I would affirm.
MR. CHIEF JUSTICE TURNAGE joins in the foregoing dissent of MR. JUSTICE GULBRANDSON.